


IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| BRYAN GAYDOS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:13-CV-743-A |
| | § | |
| BANK OF AMERICA, N.A., | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
and
ORDER

The court has not been persuaded that it has subject matter jurisdiction over the above-captioned action. Therefore, the court is ordering the action remanded to the state court from which it was removed.

I.

Background

Plaintiff, Bryan Gaydos, initiated this action by filing his original petition and application for temporary restraining order in the District Court of Tarrant County, Texas, 236th Judicial District, naming as defendant Bank of America, N.A. Defendant removed the action, alleging that this court had subject matter jurisdiction by reason of diversity of citizenship, and that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, as contemplated by 28 U.S.C. §

1332.

The allegations in the state court pleadings pertain to plaintiff's property on Pershing Avenue in Fort Worth, Texas. Although difficult to decipher the exact contours of the allegations, it appears plaintiff is contending that defendant has appointed trustees to conduct a foreclosure sale of plaintiff's property. However, plaintiff claims defendant had no authority to appoint the trustees or to pursue foreclosure. Plaintiff claims he has attempted to pay the loan or work with defendant to modify the loan; however, defendant either has, or has attempted to, foreclose on the property. Plaintiff asserts claims under the Texas Debt Collection Act, violations of the Texas Property Code, breach of contract, and also seeks injunctive relief.

II.

Basic Principles

The court starts with a statement of basic principles announced by the Fifth Circuit:

"The removing party bears the burden of showing that federal subject matter jurisdiction exists and that removal was proper."

Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002). "Moreover, because the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns, which mandate strict construction of the removal statute."[1] Carpenter v. Wichita Falls Indep. Sch. Dist., 44 F.3d 362, 365-66 (5th Cir. 1995). Any doubts about whether removal jurisdiction is proper must therefore be resolved against the exercise of federal jurisdiction. Acuna v. Brown & Root Inc., 200 F.3d 335, 339 (5th Cir. 2000).

To determine the amount in controversy, the court ordinarily looks to the plaintiff's state court petition. Manguno, 276 F.3d at 723. If it is not facially apparent from the petition that the amount in controversy exceeds the required amount, the removing party must set forth summary judgment-type evidence, either in the notice of removal or in an affidavit, showing that

---

[1]The removal statute, 28 U.S.C. § 1441(a) provides, in pertinent part, that:

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

(emphasis added).

the amount in controversy is, more likely than not, greater than $75,000. Id.; Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995). The amount in controversy is measured from the perspective of the plaintiff. See Garcia v. Koch Oil Co. of Texas Inc., 351 F.3d 636, 640 n.4 (5th Cir. 2003).

III.

## The True Nature of Plaintiff's Claims

The petition by which plaintiff initiated this action in the state court does not specify a dollar amount of recovery sought, nor does it define in any way the value of the right sought to be protected or the extent of the injury sought to be prevented. Rather, the allegations of the petition are typical of many state court petitions that are brought before this court by notices of removal in which the plaintiff makes vague, general, and obviously legally baseless allegations in an attempt to frustrate the procedures a lender is pursuing, or has pursued, to regain possession of residential property the plaintiff used as security for the making of a loan.

As the court has been required to do in other cases of this kind, the court has undertaken an evaluation of the true nature

of plaintiff's claims. Having done so, and having considered the authorities and arguments cited by defendant in the notice of removal, the court is unpersuaded that the amount in controversy exceeds the required jurisdictional minimum.

Nothing on the face of the petition provides sufficient information as to the amount in controversy. In the notice of removal, defendant contended that because plaintiff seeks equitable and injunctive relief to enjoin the foreclosure of his property, the amount in controversy is measured by the value of the object of the litigation. According to defendant, when the object of the litigation is protection of the plaintiff's property, the fair market value establishes the amount in controversy. Here, because the fair market value of the subject property is alleged to be at least $211,100, defendant claims it has satisfied the amount in controversy.

The fact that the value of the property mentioned in plaintiff's pleadings might be more than $75,000.00 does not establish the amount in controversy. Nowhere does plaintiff in his state court pleadings indicate that the fair market value of the property represents the amount in damages he is requesting.

Further, a review of plaintiff's pleadings makes clear that his primary dispute is with defendant's authority to appoint a substitute trustee or conduct a foreclosure sale, apparently based on purported errors in the recording of documents in the Tarrant County Clerk's office. While plaintiff takes issue with defendant's right or authority to initiate foreclosure proceedings, nothing in the petition gives rise to a legitimate claim to outright title to the property. Plaintiff's statement in the petition that he attempted to obtain a loan modification is a tacit admission that the property is encumbered by a debt, whether or not plaintiff acknowledges defendant's interest in the property. Hence, the court is convinced that there is no legitimate dispute in this action over ownership to the property, only plaintiff's efforts to extend the time he can stay on the property and delay the sale of the property through foreclosure.

No information has been provided to the court that would enable the court to place a value on the interest plaintiff seeks to protect by this action. Thus, defendant has not shown by a preponderance of the evidence that the amount in controversy in this action exceeds $75,000, exclusive of interest and costs.

Consequently, the court lacks subject matter jurisdiction over the action, and it should be remanded to the state court from which it was removed.

IV.

Order

Therefore,

The court ORDERS that this action be, and is hereby, remanded to the state court from which it was removed.

SIGNED September 13, 2013.

JOHN McBRYDE
United States District Judge